## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MATTHEW DONOHUE,** <br> *Plaintiff,* <br> **v.** <br><br> **CAPELLA UNIVERSITY, LLC, in its official capacity;** <br> **REBECCA LOEHRER, in her official and individual capacity;** <br> **BARRY TRUNK, in his official and individual capacity;** <br> **JULIE JOHNSON, in her official and individual capacity;** <br> **JULIE BAUMBERGER, in her official and individual capacity;** <br> **AMY DONOVAN, in her official and individual capacity; and** <br> **DOE DEFENDANTS 1-20, in their official and individual capacity,** <br><br> *Defendants.* | Case No.  2:22-cv-5634 <br><br> **COMPLAINT** <br> **(1) Due Process Violation** <br> **(2) Deceptive and Unfair Trade Practices** <br> **(3) Breach of Duty of Good Faith and Fair Dealing** <br> **(4) Breach of Contract** <br> **(5) Negligence** <br> **(6) Negligent Infliction of Emotional Distress** <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

## I.     INTRODUCTION

1.  This is an action arising from Plaintiff's wrongful dismissal from Capella

    University, LLC. Plaintiff is seeking damages for Defendants' violations of

    due process. Defendants' are also responsible for deceptive and unfair trade

practices, breach of duty of good faith and fair dealing, breach of contract, negligence, and negligent infliction of emotional distress.

## II.   PARTIES

2. Plaintiff Matthew Donohue (hereafter "Plaintiff") is a former student of Capella University, LLC. Plaintiff is a citizen of the State of New Jersey.

3. Capella University, LLC ("CU") is a private University located in Minneapolis, Minnesota, offering degrees via online learning in all of the United States. CU has received federal funding at all times relevant to this litigation.

4. Defendant Dr. Rebecca Loehrer ("Loehrer") was employed by CU at all times relevant to this litigation.

5. Defendant Dr. Barry Trunk ("Trunk") was employed by CU at all times relevant to this litigation.

6. Defendant Dr. Julie Johnson ("Johnson") was employed by CU at all times relevant to this litigation.

7. Defendant Dr. Julie Baumberger ("Baumberger") was employed by CU at all times relevant to this litigation.

8. Defendant Dr. Amy Donovan ("Donovan") was employed by CU at all times relevant to this litigation.

9. Doe Defendants 1 – 20 formed the Faculty Review Panel. Doe Defendants 1 – 20 were employed by CU at all times relevant to this litigation.

### III.   JURISDICTION & VENUE

10. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which provides district courts with jurisdiciton over civil actions arising under the United States Constitution or laws of the United States.

11. In accordance with 28 U.S.C. § 1367, this Court also has supplemental jurisdiciton over Plaintiffs' state law claims.

12. Additionally, this court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because there is diversity of citizenship between the parties and the amount of controversy exceeds $75,000.

13. Defendant CU conducts business within the State of NewJersey.

14. The other Defendants on the grounds that they were employees of CU at all relevant times herein and personally violated certain rights and policies, the effects of which were felt in the State of New Jersey.

15. Venue in this action is properly in the District of New Jersey because the events relevant to this action occurred primarily within the geographical confines of the District of New Jersey.

## IV.   FACTUAL ALLEGATIONS

16. Plaintiff was a student at CU Harold Abel School of Social and Behavioral Sciences' Department of Psychology.

17. Plaintiff had completed 4.5 years of successful coursework in the program, standing at a GPA of 3.9, and had attended six successful residencies across the United States.

18. In the winter quarter of 2020, Plaintiff was attending course PSY8501 taught by Defendant Donovan.

19. PSY8501 was the second to last course before completion of all necessary course work for Plaintiff's degree.

20. In February 2020, Plaintiff submitted the Unit 4 assignment for PSY8501 ("Assignment").

21. On February 14, 2020, Plaintiff received an email from Defendant Donovan, informing Plaintiff that the Safe Assign report on is Assignment came back showing 100% plagiarism.

22. CU and its staff use the anti-plagiarism tool Safe Assign, which determines whether a student's assignment has plagiarism.

23. Safe Assign is known to produce faulty results, as Defendant Donovan herself told Plaintiff.

24. In her email, Defendant Donovan stated that it looked like large parts of Plaintiff's work were taken from another student's assignment.

25. Defendant Donovan never told Plaintiff which student's assignment Plaintiff supposedly copied.

26. Notwithstanding, Defendant Donovan gave Plaintiff's Assignment a grade of 0.

27. Defendant Donovan additionally submitted an "Academic Honesty Violation" form before the Learner Affairs Department to investigate the accusations of plagiarism.

28. On February 24, 2020, Plaintiff received an email from CU's Learners Affairs Department, upholding the sanction of a grade of 0 on the Assignment and stating that large portions of the assignment's content "appeared" to be copied from another learner's paper.

29. On April 29, 2020, Plaintiff took part in a phone conference with the Faculty Review Panel.

30. The members of the Faculty Review Panel were Defendants Loehrer, Trunk, Johnson, and Baumberger ("Panel").

31. During the phone call, Plaintiff stated he was willing to accept the grade of 0 on the Assignment, despite having done nothing wrong, and move on.

32. Plaintiff also informed the Panel that another one of his assignments, Unit 10, had come back as a 100% match on Safe Assign, yet Defendant Donovan had still given Plaintiff a grade of 91 grade on this assignment. Plaintiff was informed that what happened in the Unit 10 assignment is that the software had compared Plaintiff's Unit 10 assignment to Plaintiff's own work.

33. After the phone conference with the Panel, the Unit 10 Safe Assign report was altered to a 49% match, supposedly to match the grade of 91.

34. On May 13, 2020, the Panel found Plaintiff in violation of CU policy 3.01.01: "Academic Integrity and Honesty" because of alleged plagiarism in Plaintiff's assignment.

35. Again, the panel stated they found "seemingly" a pattern of using other learner's work.

36. The Panel confirmed the sanctions imposed by Defendant Donovan.

37. The Panel additionally sanctioned Plaintiff with having to write a ten-to-twelve-page paper on the importance of academic integrity at the personal, course room, and university levels ("Remediation Assignment").

38. On May 21, 2020, Plaintiff appealed the Panel's decision.

39. On September 10, 2020, the President's Designee for Academic Appeals, Dr. Jennifer Raymer, denied the appeal and upheld the Panel's decision.

40. Subsequently, while trying to do research for the Remediation Assignment, Plaintiff discovered that he had gotten locked out of his CU Online Library account.

41. The Remediation Assignment required Plaintiff to list 15 professional sources, and he was now limited to only the few articles present in the Alumni library access.

42. On December 18, 2021, Plaintiff was informed that the Learner Affairs Panel did not pass his first Remediation Assignment paper, requesting Plaintiff to rewrite it.

43. Plaintiff was not able to reach out to the Learner Affairs Panel to receive feedback or learn who was on this new panel. He therefore had to rewrite the paper to the best of his knowledge and ability.

44. On March 23, 2021, Plaintiff was informed that the Faculty Review Panel again determined that his second attempted Remediation Assignment paper did not meet the requirements.

45. In its feedback, the Panel stated that Plaintiff had only cited five sources in the body of his paper.

46. While the Remediation Assignment stated that Plaintiff needed to have a minimum of 15 citations in the paper, it did not state where these citations had

to appear. The policy appeared to ask for 15 citations in general, not 15 citations in the body of the paper.

47. Plaintiff had 15 citations listed on the "works cited" page of his paper. Plaintiff only cited five citations in the body of his paper, to prevent the Safe Assign tool to mark his paper falsely as plagiarized again.

48. As a consequence of the Panel's decision, Plaintiff was dismissed from CU without the opportunity for readmission.

49. On April 17, 2021, Plaintiff appealed the decision.

50. On July 13, 2021, the President's Designee for Academic Appeals, Ms. Shannon Stordahl, denied Plaintiff's appeal.

51. As a result of Defendants' actions, Plaintiff has been forced to expend significant time and resources dealing with the consequences of the plagiarism allegations and his dismissal.

52. Additionally, Plaintiff has lost at least one year of wages working with a doctoral degree, as well as money spent on the various residencies all across the country for his degree with CU.

53. Furthermore, the presence of plagiarism charges on Plaintiff's record will adversely affect his ability to find another school to continue his education or find employment.

54. Defendants' actions have also resulted in significant mental and emotional distress for Plaintiff.

## Respondeat Superior and Agency

55. Under Federal and New Jersey law, an employer may be vicariously liable for an employee's actions when they are acting within the scope of their employment on behalf of the employer.

56. At all times relevant to this action, all individual Defendants were employed by CU. Some of their acts and omissions relevant to this litigation were undertaken within the scope of their employment with CU.

57. At the time of this Complaint, only the individual Defendants themselves are aware of the exact role that each individual Defendant played in the events that are the subject of the lawsuit. For this reason, only the individual Defendants know at which times each Defendant acted in a manner that exceeded the scope of their duties in their official capacities and at which each Defendant acted in a manner that was within the scope of their duties in their official capacities.

## V. CAUSES OF ACTION

## FIRST COUNT – VIOLATION OF DUE PROCESS UNDER 42 U.S.C. § 1983

58. Plaintiff restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

59. Plaintiff had a constitutionally protected and clearly established property interest in continuing his education at CU after entering into a contract with CU.

60. Plaintiff and Defendant CU entered into a contract by which CU offered admission to Plaintiff to receive his PsyD degree.

61. Plaintiff accepted Defendant's offer and attended CU as a student.

62. There was a mutual exchange of consideration for which Plaintiff attended CU involving payments and expenditure of time as well as CU making its services including educational opportunities available to Plaintiff.

63. Plaintiff had a constitutionally protected and clearly established liberty interest. "The Due Process Clause . . . forbids arbitrary deprivations of liberty. Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, the minimal requirements of the Clause must be satisfied." *Goss v. Lopez*, 419 U.S. 565, 574 (1975) (internal citation and quotations omitted). The wrongful allegations of plagiarism and the dismissal from CU are detrimental to Plaintiff's good name and reputation for his future academic and professional career.

64. Plaintiff had a fundamental property and liberty interest in continuing his education at CU and as such was entitled to a fair and impartial process with a systematic method for evaluating the plagiarism allegations levied against him, as well as his final dismissal.

65. These principles extent to private schools, when their disciplinary process is without any basis in reason or predictability. This is the case when the actions of the school were arbitrary and capricious. Arbitrary is defined as being determined on an impulse and not by reason. An act is capricious when it is characterized by an impulse.[1]

66. Further, CU receives federal money through various types of scholarships.

67. Defendants' actions have violated Plaintiff's due process rights by dismissing him without providing a fair procedure or appeal process.

    a.  Plaintiff's exam was evaluated for plagiarism with a tool known to be faulty;

    b.  Plaintiff was never provided with clear guidance on the Remediation Assignment paper;

    c.  All individual Defendants repeatedly ignored requests for guidance on the Remediation Assignment paper;

    d.  Plaintiff was not given access to important library material; and

---

[1] FIRE's Guide to Due Process and Campus Justice, 2014, page 51.

e. All individual Defendants repeatedly ignored requests to see the other student's paper.

68. Plaintiff was not given the opportunity to present any meaningful defense on their own behalf, as he was never allowed to see the other student's paper he allegedly copied from.

69. As a direct and proximate result of the Defendants' actions, Plaintiff was deprived of his constitutional rights.

70. As a direct and proximate result of Defendants' actions or failures, Plaintiff has sustained and continues to sustain injuries and damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)      Enter judgment against Defendants and in favor of Plaintiffs for actual damages for financial loss, damage to reputation, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)      Enter judgment against Defendants and in favor of each Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants, as well as readmitting Plaintiff to CU to finish his degree;

(c)      Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)      Grant such other and further relief as justice requires.


## SECOND COUNT – DECEPTIVE AND UNFAIR TRADE PRACTICES IN VIOLATION OF NEW JERSEY STAT. §56:8

71. Plaintiff restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

72. By holding itself out as a university that is committed to "ethical, fair, and unbiased" grading,[2] CU made intentional misrepresentations, deceptive acts, and false promises about the true standard and quality of its PsyD program.

73. Defendant CU knew, as evidenced by Dr. Donovan's statement, about the fallibility of Safe Assign. Despite their knowledge, Defendants used the program to justify Plaintiff's dismissal, without giving him the opportunity to see the other student's paper he allegedly copied, for Plaintiff to ensure that Safe Assign did not faulty mark his paper as plagiarized.

---

[2] https://www.capellaresults.com/content/dam/capella/PDF/policies/3.04.07.pdf.

74. Defendant deceived and induced students wanting to gain high-quality education to attend CU by falsely representing that CU would grade ethically and fairly.

75. By using an unfair method to determine plagiarism, sanctions, and grades, despite CU's express promise not to do so, CU engaged in deceptive and unfair trade practices.

76. Plaintiff suffered and continues to suffer financial losses due to Defendant's deceptive and unfair trade practices.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a) Enter judgment against Defendants and in favor of Plaintiffs for actual damages for financial loss, damage to reputation, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b) Enter judgment against Defendants and in favor of each Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants, as well as readmitting Plaintiff to CU to finish his degree;

(c) Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d) Grant such other and further relief as justice requires.

## THIRD COUNT – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

77. Plaintiff restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

78. Plaintiff entered a consumer transaction with Defendant CU for the purchase of services intended and represented to be subject to the strategic directions, goals, and values of CU.

79. Every consumer transaction imposes upon each party a duty of good faith and fair dealing in its performance and enforcement.

80. Under the contract, Plaintiff has performed all the conditions required of him under the transaction.

81. Defendant's conduct, as alleged above, constitutes a breach of its duty of good faith and fair dealing, in that, among other things, it fraudulently induced Plaintiff to enroll in Defendant's PsyD program, which Defendant CU claimed would follow the standards of grading and services outlined in the contract, when Defendant CU knew or should have known that the program would not actually do so.

82. Defendant CU knew or should have known that the Defendant's Safe Assign system did not uphold the conditions required of them on their end of the contractual agreement, which resulted in low quality student services and unfair grading and dismissal practices with less than adequate protection for its students.

83. As a result of Defendant CU's conduct and/or conduct of their employees, Plaintiff has damages in an amount to be determined at trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a) Enter judgment against Defendants and in favor of Plaintiffs for actual damages for financial loss, damage to reputation, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b) Enter judgment against Defendants and in favor of each Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants, as well as readmitting Plaintiff to CU to finish his degree;

(c) Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d) Grant such other and further relief as justice requires.

## FOURTH COUNT – BREACH OF CONTRACT

84. Plaintiff restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

85. Plaintiff and Defendant CU entered into a contract by which CU offered admission to Plaintiff on specified terms.

86. Plaintiff accepted Defendant's offer and attended CU as a student.

87. There was a mutual exchange of consideration for which Plaintiff attended CU involving payments and expenditure of time as well as CU making its services including educational opportunities available to Plaintiff.

88. The contract establishes in University Policy 3.04.06-Access to Learning Resources, that "[a]ccess to Capella learning resources must neither infringe on the activities of learners and faculty nor threaten the academic integrity of the courseroom or the university."[3]

89. Defendant CU breached this policy when it failed to assure that Plaintiff had access to the CU Online Library to write the paper required in the assigned redemption plan.

---

[3] Capella University Policy 3.04.06
https://www.capella.edu/content/dam/capella/PDF/policies/3.04.06.pdf.

90. This severely limited Plaintiff's access to research materials and failed to provide Plaintiff with the sources needed to succeed in the Remediation Assignment.

91. As a direct and proximate result of Defendant CU's actions, Plaintiff was dismissed from CU and has sustained and continues to sustain injuries and damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a) Enter judgment against Defendants and in favor of Plaintiffs for actual damages for financial loss, damage to reputation, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b) Enter judgment against Defendants and in favor of each Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants, as well as readmitting Plaintiff to CU to finish his degree;

(c) Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d) Grant such other and further relief as justice requires.

## FIFTH COUNT - NEGLIGENCE

92. Plaintiff restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

93. Defendant Donovan was negligent in performing their duty of reasonable care and failed, neglected and/or refused to discharge their duty properly and fully by, among other things:

     a. Evaluating Plaintiff's exam with a software known to be faulty.

94. Defendants Loehrer, Trunk, Johnson, Baumberger, and Does 1 – 20 of the Learner Affairs Panel were negligent in performing their duty of reasonable care and failed, neglected and/or refused to discharge their duty properly and fully by, among other things:

     a. Failing to ensure that Plaintiff would be informed on who was on the Learner Affairs Panel and who would be grading his paper.

     b. Failing to ensure that Plaintiff would be informed about the citation requirement in detail.

95. Defendant CU was negligent in performing its duty of reasonable care and failed, neglected and/or refused to discharge its duty properly and fully by, among other things:

     a. Failing to ensure that Plaintiff's University's library access was functioning properly.

b. Failing to assist Plaintiff after being informed of the individual Defendant's negligence.

96. By their negligent conduct, Defendants directly and proximately caused Plaintiff financial harm. Plaintiff is confronted with an inability to complete his education, practice in his chosen profession, and to pay his mounting student loan debts. Plaintiff has suffered direct financial losses due to Defendants' conduct.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a) Enter judgment against Defendants and in favor of Plaintiffs for actual damages for financial loss, damage to reputation, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b) Enter judgment against Defendants and in favor of each Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants, as well as readmitting Plaintiff to CU to finish his degree;

(c) Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d) Grant such other and further relief as justice requires.

## SIXTH COUNT – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

97. Plaintiff restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

98. Defendants' actions caused Plaintiff emotional distress, worrying about his future academic and professional career.

99. Defendants should have known that their actions would be injurious to Plaintiff.

100. Defendants' actions violated CU's policies.

101. Defendants' actions proximately caused Plaintiff emotional and physical injuries.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a) Enter judgment against Defendants and in favor of Plaintiffs for actual damages for financial loss, damage to reputation, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b) Enter judgment against Defendants and in favor of each Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair

investigation into Defendants and appropriate discipline of each of the individual Defendants, as well as readmitting Plaintiff to CU to finish his degree;

(c) Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d) Grant such other and further relief as justice requires.

## VI.   JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 20, 2022                    Respectfully submitted,

Keith Altman, Esq.  (*pro hac vice to be applied for*)
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com