

BOSTON   CONNECTICUT   FLORIDA   NEW JERSEY   NEW YORK   WASHINGTON, DC

HEATHER WEINE BROCHIN
Attorney at Law

One Jefferson Road
Parsippany, NJ 07054-2891
T: (973) 966-8199 F: (973) 206-6115
hbrochin@daypitney.com

May 17, 2023

**VIA E-Mail**

Honorable James B. Clark, III
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

    Re:    Matthew Donohue v. Capella University, LLC, et al
             Case No. 2:22-cv-5634 (CCC) (JBC)

Dear Judge Clark:

We represent Defendants in the above-referenced matter. Pursuant to paragraph 9 of the Court's Pretrial Scheduling Order (Doc. 27), we are writing to advise the Court that a dispute has arisen between the parties over the entry of a discovery confidentiality order. Defendants support the entry of such an order; Plaintiff opposes it. The parties met and conferred in an effort to resolve this dispute without involving the Court, but that effort was not successful. We are therefore requesting the Court's assistance in resolving this dispute.

**A.**    **Procedural History**

By way of brief background, Plaintiff is a former student at Capella University who alleges that he was improperly dismissed from the University after Capella faculty and several independent reviewers determined that he had submitted plagiarized work in violation of the school's academic misconduct policy. Plaintiff sued, asserting constitutional, statutory, contract, and tort claims. On December 5, 2022, Defendants moved to dismiss Plaintiff's complaint in its entirety (Doc. 15). When Plaintiff amended his complaint, Defendants again moved to dismiss on January 3, 2023 (Doc. 21). That motion is currently pending before Judge Cecchi.

On February 16, 2023, this Court issued a Pretrial Scheduling Order. Under that Order, the deadline for serving initial discovery requests was April 10, 2023. The parties mutually agreed to extend that deadline to May 10, 2023, and then again to June 10, 2023. Capella served its initial discovery requests on May 11, 2023. Plaintiff has not yet served his initial discovery requests.

**DAY PITNEY** LLP

Honorable James B. Clark, III
May 17, 2023
Page 2

The Scheduling Order also provided that any proposed confidentiality order agreed to by the parties was to be submitted by April 24, 2023. On April 20, 2023, Defendants' counsel provided Plaintiff's counsel with a proposed Discovery Confidentiality Order that was based on, and almost identical to, this District's model Discovery Confidentiality Order. A copy of the proposed Discovery Confidentiality Order is attached as Exhibit A. On April 24, 2023, Plaintiff's counsel informed Defendants' counsel that Plaintiff would not agree to stipulate to any confidentiality order.

Pursuant to the Scheduling Order and Local Rule 37.1, the parties met and conferred on April 26, 2023 in an effort to resolve the dispute over the confidentiality order. Defendants' counsel explained that the material Defendants would need to produce in discovery would likely include competitively sensitive and confidential business information, potentially disruptive and disadvantageous information regarding academic and pedagogical methods and practices, and highly personal and sensitive information regarding students and their academic records. Plaintiff's counsel stated that despite the fact that discovery would likely involve sensitive and confidential material, student academic records, and potentially Plaintiff's own medical records, Plaintiff would not consent to a confidentiality order in this case.

**B.   Good Cause Exists for Entry of the Proposed Discovery Confidentiality Order**

Rule 26 places the burden on the party seeking a protective order to show "good cause," which the Third Circuit has defined as "showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *Arnold v. Pennsylvania*, 477 F.3d 105, 108 (3d Cir. 2007). Determining whether good cause exists calls on the Court to balance a number of factors. *Arnold*, 477 F.3d at 108. These factors include: "(1) the interest in privacy of the party seeking protection; (2) whether the information is being sought for a legitimate purpose or an improper purpose; (3) the prevention of embarrassment, and whether that embarrassment would be particularly serious; (4) whether the information sought is important to public health and safety; (5) whether sharing of the information among litigants would promote fairness and efficiency; (6) whether the party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public." *Id.* (citations omitted).

The model Discovery Confidentiality Order for this District, on which Defendants' proposed Discovery Confidentiality Order is based, embraces these factors by allowing parties to designate as "Confidential" any information: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3. Courts in this District regularly enter protective orders to protect interests

114941923.1

**DAY PITNEY LLP**

Honorable James B. Clark, III
May 17, 2023
Page 3

of this kind. *See*, *e.g.*, *Am. Specialty Health Grp., Inc. v. Ass'n of New Jersey Chiropractors, Inc.*, 2020 WL 7130734, at *3 (D.N.J. Sept. 2, 2020) ("The Moving Parties have a legitimate interest in maintaining the confidentiality, and avoiding the public disclosure, of this information."); *Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting motion to seal "commercially sensitive and proprietary non-public business information"); *Bracco Diagnostics, Inc. v. Amersham Health Inc.*, 2007 WL 2085350, at **9-10 (D.N.J. July 18, 2007) (granting motion to seal where the public availability of documents containing confidential business information would have put a party at a competitive disadvantage). Federal district courts also issue protective orders when FERPA issues are involved. *See, e.g.*, *Jackson v. Willoughby Eastlake Sch. Dist.*, 2018 WL 1468666, at *4 (N.D. Ohio Mar. 23, 2018); *Ragusa v. Malverne Union Free Sch. Dist.*, 549 F. Supp. 2d 288, 294 (E.D.N.Y. 2008).

If here, good cause exists for the Court to enter the proposed Discovery Confidentiality Order. Given the nature of Plaintiff's claims and Defendants' defenses, many—and certainly at least one—of the documents produced by the parties during discovery will almost assuredly fall into one of the categories of materials protected by the proposed Discovery Confidentiality Order. First, as noted above, Capella anticipates it may have to produce in discovery confidential and sensitive materials regarding its teaching and grading, academic misconduct investigations, and pedagogical philosophy and practices. In the hands of its peer institutions, current students, or prospective students, the information contained in these materials could put Capella at a competitive disadvantage, and cause professional disruptions or reputational damage to the individual Defendants. For example, the public disclosure of information about how Capella identifies plagiarized student work could result in Capella having to alter or abandon its investigatory methods and practices. Second, the materials exchanged in discovery will also likely contain highly sensitive information about the academic and disciplinary records of past and current Capella students who otherwise have no involvement in this litigation.  Capella's students are not taught solely one-on-one – other learners are often involved in didactic communications or environments such as online courserooms.   Private student information of this kind is so private and sensitive that Congress saw fit to pass the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232, *et seq.*. A protective order is therefore needed to ensure the confidentiality of these highly sensitive, federally protected documents. *See Willoughby*, 2018 WL 1468666; *Ragusa*, 549 F. Supp. 2d 288. Additionally, entry of a confidentiality order at this stage is appropriate and will preserve the time and resources of the Court and the parties. Rather than requiring Capella to come to the Court each time it seeks to protect an individual document or piece of confidential information, the confidentiality order provides a mechanism for Capella to designate those materials without Court intervention, as well as a mechanism for Plaintiff to challenge designations with which he disagrees.

For these reasons, Defendants believe that entry of the proposed Discovery Confidentiality Order is appropriate in this case.

**DAY PITNEY** LLP

Honorable James B. Clark, III
May 17, 2023
Page 4

                                                    Respectfully submitted,

                                                    */s/ Heather Weine Brochin*
                                                    Heather Weine Brochin
                                                    Day Pitney LLP
                                                    One Jefferson Road | Parsippany NJ 07054-2891

                                                    */s/ Cicely Miltich*
                                                    Cicely Miltich, Esq. (admitted pro hac vice)
                                                    Lathrop GPM LLP
                                                    500 IDS Center
                                                    80 South 8th Street
                                                    Minneapolis, MN  55402

Enclosures

cc:    Keith Altman, Esq. (w/encls, via e-mail)
        Dion Farganis, Esq. (w/encls, via e-mail)
        Solomon Mordechai Radner, Esq. (w/encls, via e-mail)

114941923.1

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MATTHEW DONOHUE,<br><br>Plaintiff,<br><br>v.<br><br>CAPELLA UNIVERSITY, LLC, *in its official capacity*; REBECCA LOEHRER, *in her official and individual capacity*; BARRY TRUNK, *in his official and individual capacity*; JULIE JOHNSON, *in her official and individual capacity*; JULIE BAUMBERGER, *in her official and individual capacity*; AMY DONOVAN, *in her official and individual capacity*; and DOE DEFENDANTS 1-20, *in their official and individual capacity*,<br><br>Defendants. | Case No. 2:22-cv-5634 (CCC/JBC)<br><br>**DISCOVERY CONFIDENTIALITY ORDER** |

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing

or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential material, provided that such advice and opinions shall not reveal the content of such Confidential material except by prior written agreement of counsel for the parties, or by Order of the Court.

Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

> Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;
>
> Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;
>
> Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;
>
> The Court and court personnel;
>
> Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;
>
> Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual

>> aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and
>
>> The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

Confidential material shall be used only by individuals permitted access to it under Paragraph 4. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d) and (f) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

Material produced and marked as Attorneys' Eyes Only may be disclosed only to outside counsel for the receiving party, in-house counsel for the receiving party, and such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

> a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.
>
> b. If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the

designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

Any document designated "Confidential" or "Attorneys' Eyes Only" by a party or non-party and which document is filed with the Court shall be filed under seal, in accordance with Local Civil Rule 5.3.

If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Discovery Confidentiality Order.

When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Discovery Confidentiality Order.

This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

      This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

      Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential material and to destroy, should such source so request, all copies of Confidential material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Discovery Confidentiality Order. To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

      IT IS SO ORDERED.


Dated: _____     _____
                                                **JAMES B. CLARK III**
                                                United States Magistrate Judge

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MATTHEW DONOHUE,<br><br>Plaintiff,<br><br>v.<br><br>CAPELLA UNIVERSITY, LLC, in its official capacity; REBECCA LOEHRER, in her official and individual capacity; BARRY TRUNK, in his official and individual capacity; JULIE JOHNSON, in her official and individual capacity; JULIE BAUMBERGER, in her official and individual capacity; AMY DONOVAN, in her official and individual capacity; and DOE DEFENDANTS 1-20, in their official and individual capacity,<br><br>Defendants. | Case No. 2:22-cv-5634 (CCC/JBC)<br><br>**AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER** |

I, _____, being duly sworn, state that:

My address is  .

My present employer is _____ and the address of my present employment is _____.

My present occupation or job description is _____.

I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

I will limit use of Confidential Material disclosed to me solely for purpose of this action.

No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things

which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____          _____[Name]