**DAY PITNEY** LLP

BOSTON   CONNECTICUT   FLORIDA   NEW JERSEY   NEW YORK   WASHINGTON, DC

*✱ plaintiff shall file a*
*response to Defendants'*
*letter by May 24, 2023.*

HEATHER WEINE BROCHIN
Attorney at Law

One Jefferson Road
Parsippany, NJ 07054-2841
T: (973) 966-8199 F: (973) 206-6115
hbrochin@daypitney.com

**SO ORDERED**
s/James B. Clark  May 17, 2023
James B. Clark, U.S.M.J.

**Date:** *5/18/2023*

**VIA E-Mail**

Honorable James B. Clark, III
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

> Re:   Matthew Donohue v. Capella University, LLC, et al
>        Case No. 2:22-cv-5634 (CCC) (JBC)

Dear Judge Clark:

We represent Defendants in the above-referenced matter. Pursuant to paragraph 9 of the Court's Pretrial Scheduling Order (Doc. 27), we are writing to advise the Court that a dispute has arisen between the parties over the entry of a discovery confidentiality order. Defendants support the entry of such an order; Plaintiff opposes it. The parties met and conferred in an effort to resolve this dispute without involving the Court, but that effort was not successful. We are therefore requesting the Court's assistance in resolving this dispute.

**A.      Procedural History**

By way of brief background, Plaintiff is a former student at Capella University who alleges that he was improperly dismissed from the University after Capella faculty and several independent reviewers determined that he had submitted plagiarized work in violation of the school's academic misconduct policy. Plaintiff sued, asserting constitutional, statutory, contract, and tort claims. On December 5, 2022, Defendants moved to dismiss Plaintiff's complaint in its entirety (Doc. 15). When Plaintiff amended his complaint, Defendants again moved to dismiss on January 3, 2023 (Doc. 21). That motion is currently pending before Judge Cecchi.

On February 16, 2023, this Court issued a Pretrial Scheduling Order. Under that Order, the deadline for serving initial discovery requests was April 10, 2023. The parties mutually agreed to extend that deadline to May 10, 2023, and then again to June 10, 2023. Capella served its initial discovery requests on May 11, 2023. Plaintiff has not yet served his initial discovery requests.

**DAY PITNEY** LLP

Honorable James B. Clark, III
May 17, 2023
Page 2

The Scheduling Order also provided that any proposed confidentiality order agreed to by the parties was to be submitted by April 24, 2023. On April 20, 2023, Defendants' counsel provided Plaintiff's counsel with a proposed Discovery Confidentiality Order that was based on, and almost identical to, this District's model Discovery Confidentiality Order. A copy of the proposed Discovery Confidentiality Order is attached as Exhibit A. On April 24, 2023, Plaintiff's counsel informed Defendants' counsel that Plaintiff would not agree to stipulate to any confidentiality order.

Pursuant to the Scheduling Order and Local Rule 37.1, the parties met and conferred on April 26, 2023 in an effort to resolve the dispute over the confidentiality order. Defendants' counsel explained that the material Defendants would need to produce in discovery would likely include competitively sensitive and confidential business information, potentially disruptive and disadvantageous information regarding academic and pedagogical methods and practices, and highly personal and sensitive information regarding students and their academic records. Plaintiff's counsel stated that despite the fact that discovery would likely involve sensitive and confidential material, student academic records, and potentially Plaintiff's own medical records, Plaintiff would not consent to a confidentiality order in this case.

**B.      Good Cause Exists for Entry of the Proposed Discovery Confidentiality Order**

Rule 26 places the burden on the party seeking a protective order to show "good cause," which the Third Circuit has defined as "showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *Arnold v. Pennsylvania*, 477 F.3d 105, 108 (3d Cir. 2007). Determining whether good cause exists calls on the Court to balance a number of factors. *Arnold*, 477 F.3d at 108. These factors include: "(1) the interest in privacy of the party seeking protection; (2) whether the information is being sought for a legitimate purpose or an improper purpose; (3) the prevention of embarrassment, and whether that embarrassment would be particularly serious; (4) whether the information sought is important to public health and safety; (5) whether sharing of the information among litigants would promote fairness and efficiency; (6) whether the party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public." *Id.* (citations omitted).

The model Discovery Confidentiality Order for this District, on which Defendants' proposed Discovery Confidentiality Order is based, embraces these factors by allowing parties to designate as "Confidential" any information: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3. Courts in this District regularly enter protective orders to protect interests

**cP DAY PITNEY** LLP

Honorable James B. Clark, III
May 17, 2023
Page 3

of this kind. *See, e.g., Am. Specialty Health Grp., Inc. v. Ass'n of New Jersey Chiropractors, Inc.*, 2020 WL 7130734, at *3 (D.N.J. Sept. 2, 2020) ("The Moving Parties have a legitimate interest in maintaining the confidentiality, and avoiding the public disclosure, of this information."); *Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting motion to seal "commercially sensitive and proprietary non-public business information"); *Bracco Diagnostics, Inc. v. Amersham Health Inc.*, 2007 WL 2085350, at **9-10 (D.N.J. July 18, 2007) (granting motion to seal where the public availability of documents containing confidential business information would have put a party at a competitive disadvantage). Federal district courts also issue protective orders when FERPA issues are involved. *See, e.g., Jackson v. Willoughby Eastlake Sch. Dist.*, 2018 WL 1468666, at *4 (N.D. Ohio Mar. 23, 2018); *Ragusa v. Malverne Union Free Sch. Dist.*, 549 F. Supp. 2d 288, 294 (E.D.N.Y. 2008).

If here, good cause exists for the Court to enter the proposed Discovery Confidentiality Order. Given the nature of Plaintiff's claims and Defendants' defenses, many—and certainly at least one—of the documents produced by the parties during discovery will almost assuredly fall into one of the categories of materials protected by the proposed Discovery Confidentiality Order. First, as noted above, Capella anticipates it may have to produce in discovery confidential and sensitive materials regarding its teaching and grading, academic misconduct investigations, and pedagogical philosophy and practices. In the hands of its peer institutions, current students, or prospective students, the information contained in these materials could put Capella at a competitive disadvantage, and cause professional disruptions or reputational damage to the individual Defendants. For example, the public disclosure of information about how Capella identifies plagiarized student work could result in Capella having to alter or abandon its investigatory methods and practices. Second, the materials exchanged in discovery will also likely contain highly sensitive information about the academic and disciplinary records of past and current Capella students who otherwise have no involvement in this litigation. Capella's students are not taught solely one-on-one – other learners are often involved in didactic communications or environments such as online courserooms. Private student information of this kind is so private and sensitive that Congress saw fit to pass the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232, *et seq.*. A protective order is therefore needed to ensure the confidentiality of these highly sensitive, federally protected documents. *See Willoughby*, 2018 WL 1468666; *Ragusa*, 549 F. Supp. 2d 288. Additionally, entry of a confidentiality order at this stage is appropriate and will preserve the time and resources of the Court and the parties. Rather than requiring Capella to come to the Court each time it seeks to protect an individual document or piece of confidential information, the confidentiality order provides a mechanism for Capella to designate those materials without Court intervention, as well as a mechanism for Plaintiff to challenge designations with which he disagrees.

For these reasons, Defendants believe that entry of the proposed Discovery Confidentiality Order is appropriate in this case.

**DAY PITNEY** LLP

Honorable James B. Clark, III
May 17, 2023
Page 4

Respectfully submitted,

*/s/ Heather Weine Brochin*
Heather Weine Brochin
Day Pitney LLP
One Jefferson Road | Parsippany NJ
07054-2891

*/s/ Cicely Miltich*
Cicely Miltich, Esq. (admitted pro
hac vice)
Lathrop GPM LLP
500 IDS Center
80 South 8th Street
Minneapolis, MN  55402

Enclosures

cc:    Keith Altman, Esq. (w/encls, via e-mail)
       Dion Farganis, Esq. (w/encls, via e-mail)
       Solomon Mordechai Radner, Esq. (w/encls, via e-mail)

114941923.1