

BOSTON    CONNECTICUT    FLORIDA    NEW JERSEY    NEW YORK    WASHINGTON, DC

**HEATHER WEINE BROCHIN**
Attorney at Law

One Jefferson Road
Parsippany, NJ 07054-2891
T: (973) 966-8199 F: (973) 206-6115
hbrochin@daypitney.com

July 19, 2023

**VIA ECF**

Honorable James B. Clark, III
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

  Re: Matthew Donohue v. Capella University, LLC, et al
     Case No. 2:22-cv-5634 (CCC) (JBC)

Dear Judge Clark:

  This firm represents Defendants Capella University, LLC, Rebecca Loehrer, Barry Trunk, Julie Johnson, Julie Baumberger, and Amy Donovan ("Defendants") in the above-captioned matter. We write with the consent of counsel for Plaintiff to request that the Court amend the Case Management Order to reflect certain revisions to which the parties have agreed.

  The parties are continuing to work collaboratively to facilitate the completion of discovery, but require additional time for discovery. A proposed Amended Case Management Order is enclosed for the Court's consideration, which reflects the proposed new deadlines.

  We thank the Court for its attention to this matter and will make ourselves available at the Court's convenience to further discuss this matter, if necessary.

               Respectfully submitted,

               */s/ Heather Weine Brochin*
               Heather Weine Brochin

Enclosures

cc: Keith Altman, Esq. (w/encls, via e-mail)
   Dion Farganis, Esq. (w/encls, via e-mail)

**DAY PITNEY** LLP

Honorable James B. Clark, III
July 19, 2023
Page 2

      Solomon Mordechai Radner, Esq. (w/encls, via e-mail)

114625926.1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MATTHEW DONOHUE, | : | Civil Action No. 2:22-cv-5634 |
| Plaintiff, | : | |
| v. | : | |
| CAPELLA UNIVERSITY, LLC, in its official capacity; REBECCA LOEHRER, in her official and individual capacity; BARRY TRUNK, in his official and individual capacity; JULIE JOHNSON, in her official and individual capacity; JULIE BAUMBERGER, in her official and individual capacity; AMY DONOVAN, in her official and individual capacity; and DOE DEFENDANTS 1-20, in their official and individual capacity, | : : : : | **PROPOSED AMENDED PRETRIAL SCHEDULING ORDER** (Document Filed Electronically) |
| Defendants. | | |

**THIS MATTER** having come before the Court upon the joint application of Heather Weine Brochin, Esq. and Dion Farganis, Esq. attorneys for Defendants Capella University, LLC, Rebecca Loehrer, Barry Trunk, Julie Johnson, Julie Baumberger, and Amy Donovan ("Defendants") and Solomon Mordechai Radner, Esq. and Keith Altman, Esq., attorneys for Plaintiff Matthew Donohue ("Plaintiff") seeking to amend the Court's Case Management Order entered on February 16, 2023;

**AND THE COURT** having reviewed and considered the request, and for good cause shown:

114627126.1

**IT IS** on this _____ day of July, 2023,

**ORDERED THAT:**

**I.   DISCOVERY**

1. Fact discovery is to remain open through **1/31/2024.** No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

2. The parties may serve interrogatories limited to **twenty-five (25)** single questions. Such interrogatories, and initial requests for production of documents, as well as initial requests for admissions shall be served by **4/10/2023** and shall be responded to by **9/10/2023**.

3. The parties shall be limited to **ten (10)** depositions. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. *See* Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated.

4. Any discovery dispute shall be brought to the Court's attention in the first instance by letter or by telephone conference call immediately after the parties' good faith attempt to resolve the dispute has failed. *See* L. Civ. R. 16.1(f)(1).

5. No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court.

6. Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **9/26/2023.** The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date and any objection will be deemed to have been waived. If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition.

**III.   FUTURE CONFERENCES**

7. The Court may from time to time schedule conferences as may be required, either *sua sponte* or at the request of a party.

8. Counsel should be prepared to discuss settlement at every conference with the Court. The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority are required to appear in-person at the conference. In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision regarding settlement will be the person available for the conference.

9. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of the Court, even with consent of all counsel.

10. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

### IV. MOTIONS

11. Any motion to add new parties, whether by amended or third-party complaint, must be filed not later than **8/25/2023** and shall be made returnable on **9/18/2023**.

12. Any motion to amend the pleadings must be filed not later than **8/25/2023** and shall be made returnable on **9/18/2023.**

13. Any party intending to file a dispositive motion must first seek leave of the Court by way of a letter application. Any such letter application may not be filed prior to the completion of discovery and must be filed no later than 30 days after discovery closes. All calendar or dispositive motions, if permitted, shall comply with L. Civ. R. 7.1(b) and 78.1.

14. Dispositive motions, if any, shall be filed by **a date to be determined.**

### V. EXPERTS

15. All affirmative expert reports shall be delivered by **a date to be determined.** Any such report shall be in the form and content as required by Fed. R. Civ. P. 26(a)(2)(B).

16. All responding expert reports shall be delivered by **a date to be determined.** Any such report shall be in the form and content as described above.

17. All expert discovery shall be completed by **a date to be determined.**

18. No expert shall testify at trial as to any opinions or base those opinions on fact not substantially disclosed in his or her report.

19. No expert shall testify at trial as to any opinions or base those opinions on fact not substantially disclosed in his or her report.

### VI. FINAL PRETRIAL CONFERENCE

20. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(e) at a date **and time to be assigned.**

21. Pursuant to paragraphs 14 and 15 of this Court's form of Final Pretrial Order, all pretrial submissions must be served upon the Court **forty-eight (48) hours** prior to the final pretrial conference.

22. All counsel are directed to assemble at the office of Plaintiffs counsel not later than ten (10) days before the pretrial conference to prepare the proposed Final Pretrial Order in the form and content required by the Court, as well as the required pretrial submissions consisting of agreed-upon jury instructions, voir dire questions, verdict sheet, trial briefs and a neutral statement of the case to be read to the jury panel, all of which must be submitted **forty-eight (48) hours** before the final pretrial conference. Plaintiff's counsel shall prepare the Pretrial Order and shall submit it to all other counsel for approval.

4

23. With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

24. The original of the Final Pretrial Order shall be delivered to Chambers not later than **forty-eight (48) hours** before the pretrial conference, along with all pretrial submissions and trial briefs. All counsel are responsible for the timely submission of the Pretrial Order and submission.

_____
JAMES B. CLARK, III
United States Magistrate Judge

114627126.1