NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW DONOHUE,<br><br>      Plaintiff,<br><br>v.<br><br>CAPELLA UNIVERSITY, LLC, *et al.*,<br><br>      Defendants. | Civil Action No.: 22-5634<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

Before the Court is the motion for an extension of time to file an appeal (ECF No. 68) filed by plaintiff Matthew Donohue ("Plaintiff"). Defendant Capella University, LLC ("Defendant") opposed the motion (ECF No. 69) and Plaintiff replied in support (ECF No. 70). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Plaintiff's motion is **DENIED**.

**I. BACKGROUND**

The Court recounts only the factual background that is relevant to the present motion.

On September 20, 2022, Plaintiff filed a complaint against Defendant and several of its employees asserting various claims stemming from his expulsion from Defendant's private university. *See* ECF No. 1. Defendants filed a motion to dismiss, ECF No. 15, to which Plaintiff responded by filing an amended complaint on December 20, 2022, ECF No. 19. Defendants then filed another motion to dismiss, ECF No. 21, which this Court granted without prejudice on August 23, 2023, ECF No. 38.

On September 21, 2023, Plaintiff filed a second amended complaint asserting claims solely against Defendant. ECF No. 40. Defendant moved to dismiss that complaint on October 5, 2023. ECF No. 45. While that motion was pending, Plaintiff's counsel filed an unopposed motion to

1

withdraw. ECF No. 54. The motion to withdraw was granted on March 28, 2024, and the Court noted in its order that Plaintiff would proceed pro se "[u]nless and until new counsel appears on [his] behalf." ECF No. 62. The Court thereafter granted the motion to dismiss with prejudice on June 25, 2024. ECF No. 64. At that time, Plaintiff had yet to retain counsel.

Under Federal Rule of Appellate Procedure 4(a)(1)(A), Plaintiff had thirty days from the entry of the dismissal order to file a notice of appeal. Plaintiff did not do so; instead, he filed the present motion seeking an extension of the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A) on August 21, 2024, twenty-five days after the deadline and two days after entry of counsel on his behalf. ECF Nos. 65, 68. In that submission, Plaintiff explained that "as a *pro se*, he was not able to navigate the nuances of a federal lawsuit and the Federal Rules of Appellate Procedure" nor did he "understand[] the appeal timelines set forth" in the relevant rules. ECF No. 68. In short, Plaintiff states he was "confused about the appeal process" and asserts this confusion justifies an extension of his time to file a notice of appeal. ECF No. 70 at 2.

## II.   STANDARD OF REVIEW

Federal Rule of Appellate Procedure 4(a)(5)(A)(ii) allows a district court to extend the time to file a notice of appeal if a party shows "excusable neglect."[1] To determine whether "excusable neglect" exists, courts are directed to consider: "(1) the danger of prejudice to the non-movant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Eady v. Tapfury LLC*, No. 22-2619, 2023 WL 3376541, at *1 (3d Cir. May 11, 2023). In doing so, courts must take "an equitable approach" and weigh "all the relevant

---

[1] The rule also allows for an extension for "good cause." Fed. R. App. P. 4(a)(5)(A)(ii). But "good cause" is limited to "events over which the filing party has no control." *Kanoff v. Better Life Renting Corp.*, 350 Fed. Appx. 655, 657 n.1 (3d Cir. 2009). Accordingly, Plaintiff only seeks an extension for "excusable neglect." *See* ECF No. 68 at 4 ("[Plaintiff] is requesting that the Court grant the extension of time based on excusable neglect.")

2

circumstances." *Raguette v. Premier Wines & Spirits,* 691 F.3d 315, 319 (3d Cir. 2012). Although no factor is dispositive, the reason for delay is generally considered "the most important." *Serfess v. Equifax*, No. 13-406, 2016 WL 6562040, at *1-2 (D.N.J. Nov. 4, 2016); *see also Rosario v. Comm'r of Soc. Sec.*, No. 19-18871, 2021 WL 11660444, at *1 (D.N.J. Jan. 21, 2021) ("The reason for delay is often the primary consideration in determining whether the neglect was excusable."). Ultimately, "extensions of the time to appeal are limited and exceptional." *Joseph v. Hess Oil V.I. Corp.*, 651 F.3d 348, 355 (3d Cir. 2011).[2]

## III. DISCUSSION

The Court begins its analysis with the "reason for delay" factor because it is "the most important." *Serfess*, 2016 WL 6562040, at *2. This factor weighs firmly against Plaintiff—and, as discussed below, outweighs the remaining factors—because he fails to provide a persuasive reason for his delay. Plaintiff asserts that he missed the deadline to file his notice of appeal because "as a pro se, he was confused about the appeal process." ECF No. 70 at 2. Although the Court is sensitive to Plaintiff's previous lack of counsel, pro se litigants "must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Accordingly, courts have squarely rejected attempts by pro se litigants to excuse delays in filing notices of appeal based on their unfamiliarity with the legal process. *See Serfess*, 2016 WL 6562040, at *2 (declining to find excusable delay where plaintiff was "a pro se litigant . . . unfamiliar with the courts' procedural rules"); *In re Remicade Antitrust Litig.*, No. 17-4326, 2023 WL 3044596, at *3 (E.D. Pa. Apr. 20, 2023) (declining to find excusable delay where pro se plaintiff "misunderstood Rule 58 and therefore miscalculated the time to file a notice of appeal").

---

[2] In addition to the foregoing, the rule requires that any motion be made no later than thirty days following the expiration of the time to file a notice of appeal. Fed. R. App. P. 4(a)(5)(A)(i). Because Plaintiff filed his motion twenty-five days following the deadline for a notice of appeal, this requirement is not at issue. *See* ECF No. 69 at 8 (Defendant noting that Plaintiff's motion was made "25 days after the deadline had passed" and thus was not "time-barred").

Moreover, contrary to Plaintiff's claim that he "needed an attorney" to move forward with an appeal, *see* ECF No. 70 at 3, courts have found that filing a notice of appeal is a "modest task" that does not require legal services to prepare. *Vega v. Miller*, No. 11-7224, 2013 WL 867156, at *2 (E.D. Pa. Mar. 8, 2013); *Quintana v. Adm'r*, No. 13-7135, 2019 WL 413536, at *3 (D.N.J. Jan 31, 2019) ("This Court has previously rejected the notion that legal services are needed to file a notice of appeal, and that lack of access would justify the unacknowledged passage of such a deadline.").

Plaintiff contends—citing to *Gilmore v. Macy's Retail Holdings* and *Parikh v. United Parcel Service, Inc.*—that this Court has previously granted extensions to pro se litigants, but these cases involved additional circumstances that are not present here. *See* ECF No. 70 at 2. In *Gilmore*, for instance, the motion was unopposed, and the plaintiff expressed confusion specifically about how pursuing a further appeal would affect the status of her other pending appeal regarding the final judgment. *See* No. 6-3020, 2009 WL 2488194, at *2 (D.N.J. Aug. 11, 2009). Here, Defendant has opposed the motion, and Plaintiff's confusion stems not from a complicated procedural posture, but simply "the appeals process." ECF No. 70 at 2. Meanwhile, in *Parikh*, the court credited the plaintiff's "efforts to continue the prosecution of his case," including conducting telephone calls with defense counsel and incorrectly filing an appeal with the state appellate court, as indicators of a "good faith" attempt to comply with the rules. *See* No. 9-1652, 2012 WL 1134912, at *2-3 (D.N.J. Apr. 3, 2012). Here, conversely, Plaintiff discloses no similar efforts to pursue his appeal, but merely states he was "searching for a lawyer." ECF No. 70 at 3. In short, Plaintiff's inaction due to his general unfamiliarity with the appeals process distinguishes his case from *Gilmore* and *Parikh* and does not, without more, provide a satisfactory reason for delay. *See Serfess*, 2016 WL 6562040, at *2 (distinguishing *Gilmore* and *Parikh* where pro se litigant "did

4

not confront a complex procedural posture . . . and d[id] not show other attempts to properly file the appeal").

Turning to the remaining factors, the Court notes that these factors "nearly always favor the moving party," but that they do not thereby "outweigh the reason for delay factor." *Ragguette*, 691 F.3d 315, 331 (3d Cir. 2012). As to prejudice, Defendant does not specify concrete harms such as "lost evidence" or "substantial reliance on the judgment." *See id.* at 331-332; *see also Parikh*, 2012 WL 1134912, at *2 (finding "little to no danger of prejudice" where plaintiff "filed the present motion within [the] time frame permitted under the rules"). However, Plaintiff does not appear to have communicated his intent to pursue an appeal prior to filing the present motion, and Defendant may thus have been made to understand that the litigation was final.[3] *See Raguette*, 691 F.3d at 332 (finding that district court "accorded too much weight" to lack of monetary harm where "not a word was said about any possible appeal" such that the defendant "could have been lead to believe that its adversary did not intend to appeal" and the matters at issue were final); *cf. In re Remicade*, 2023 WL 3044596, at *2 (finding there "could not have been too great of a substantial reliance" where litigant "warned the parties that he intended to appeal"). This factor thus appears to slightly favor Plaintiff.

Regarding length of delay, this factor also appears to slightly favor Plaintiff because although twenty-five days is not an insubstantial amount of time, the delay does not appear to have affected the judicial proceedings in this case, which is otherwise closed. *See Serfess*, 2016 WL 6562040, at *2 ("Although 24 days is not negligible in comparison to the 30 day time frame, the delay does not appear to have interfered with judicial proceedings."); *but see Ball v. Lamas*, No.

---

[3] Plaintiff appears to contend that he provided notice of his desire to appeal by informing the Court that he was seeking counsel. *See* ECF No. 70 at 5. However, Plaintiff informed the Court of this desire on March 27, 2024, prior to the dismissal of his case, *see* ECF No. 68-4 ¶ 3, and thus Plaintiff could have been seeking counsel for a variety of reasons other than pursuing an appeal.

9-1918, 2013 WL 1702637, at *2 (E.D. Pa. Apr. 19, 2013) (finding litigant's "delay of twenty days after her time to appeal expired before moving to extend was perhaps not insignificant"). Finally, the Court acknowledges Defendant's argument that Plaintiff provides insufficient detail concerning why it took months to retain new counsel, ECF No. 69 at 6, but the Court does not otherwise doubt Plaintiff's good faith. *See Serfess*, 2016 WL 6562040, *2 (declining to "question Plaintiff's good faith"); *In re Remicade*, 2023 WL 3044596, at *2 (same).

Considering the factors together, the Court concludes that Plaintiff has not shown "excusable neglect" because the reason for delay factor, which firmly favors Defendant, outweighs the remaining factors, which slightly favor Plaintiff. Notably, the reason for delay factor is generally considered "the most important," *see Serfess*, 2016 WL 6562040, at *1-2, and Plaintiff's explanation for his delay—that as a pro se has was unfamiliar with the appeals process—has been squarely rejected by courts in this circuit, *see id.* at *2; *In re Remicade*, 2023 WL 3044596, at *3. Although the remaining factors minimally favor Plaintiff, they do not weigh clearly enough in Plaintiff's favor to overcome the reason for delay. *See Ragguette*, 691 F.3d at 333 (finding no excusable neglect where reason for delay "strongly weighs" against finding and "the remaining factors, at best, provide only minimal support for such a finding"); *Serfess*, 2016 WL 6562040, at *2 (finding no excusable neglect where all factors favored finding besides reason for delay); *In re Remicade*, 2023 WL 3044596, at *2-3 (same).

IV. **CONCLUSION**

For the reasons stated above, Plaintiff's motion for an extension of time to file an appeal is denied.

**Accordingly, IT IS** on this 29th day of April, 2025,

6

**ORDERED** that Plaintiff's motion for an extension of time to file an appeal (ECF No. 68) is **DENIED**.

**SO ORDERED.**

*/s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**
